CASSELL, ET AL. vs. FAGIN & WEBSTER.  *76-173*
*49-351*

Where a plaintiff who has recovered a judgment, receives satisfaction of the same, he cannot afterwards sue out a writ of error to reverse the judgment.

ERROR to St. Louis Court of Common Pleas.

Knox & White, *for Plaintiffs in error, insist:*

It is a settled rule of law, that upon an erroneous judgment if there be a regular execution, the

*Cassell, et al. vs. Fagin & Webster.*

party may justify under it until the judgment is reversed, for an erroneous judgment is the act of the court. Bank U. S. vs. Bank of Washington, 6 Peters, 8.

It has frequently been decided, that a party may reverse his own judgment for error. Ingalls vs. Lord, 1 Cowen, 240. The party may reverse his own judgment, where injustice is done to him. Sarles vs. Hyatt, 1 Cowen, 253; Bissell vs. Marshall, 6 John, 100; Johnson vs. Jebb, 3 Burr, 1772. P. recovered in the C. P. against G., who brought error to the S. C., who reversed the judgment of the C. P., and ordered a *venire de novo* in the C. P. In the mean time, P. *had collected his judgment below*. G. then took a writ of restitution, and an execution for his costs in the S. C., and the money collected in the C. P. was restored, and the costs in the S. C. collected. G. then compelled P. by rule in the C. P., to go to trial on the *venire de novo*, who went on accordingly, and obtained a second verdict and judgment against G., *and then brought a writ of error from the S. C.* Held, that he had a right to his writ of error from the S. C.; that his proceedings in the C. P., were no waiver of his right to bring error; and a reversal of the judgment in the S. C., will be a reversal of all the consequent proceedings, including those in the C. P., upon the *venire de novo*.

Even an entry by a plaintiff in error, on land to which the judgment relates, will not deprive him of his right to proceed. Pinney vs. Gleason, 9 Cowen, 635.

Pending a writ of error, the plaintiff in the original action may enter if he can; for though this writ forecloses the court and ties up their hands, yet it doth not alter the rights of the parties. Badger vs. Loyd, 3 Salk., 145. If the writ of error be brought by the plaintiff below, then the sum which the declaration shows to be due, may be still recovered, should the judgment for a smaller sum be reversed, and consequently the whole sum claimed *is still in dispute*. Gordon, &c. vs. Ogden, 3 Peters, 33.

Where the money was paid on a judgment of a Court of Common Pleas, which was afterwards reversed on error; held, that it might be recovered back in an action of *indebitatus assumpsit* for money had and received. Clark vs. Pinney, 6 Cowen, 297.

CROCKETT & BRIGGS, *for Defendant in error.*

SCOTT, J., *delivered the opinion of the Court.*

The plaintiffs in error instituted a suit in the Court of Common Pleas against the defendants in error, and in October of the year 1846, recovered a judgment against them. The action was in assumpsit. On the judgment an execution was issued, which was returned in December of that year "satisfied." Afterwards in March, 1847, the plaintiffs in error who were plaintiffs in the original action, sued out this writ of error to reverse their judgment. The question is whether they can now reverse the judgment, having received satisfaction of it?

By the common law, a writ of error where it lay, was a writ of right, and after its allowance it was a *supersedeas* of any execution not executed, and no farther proceedings could be had under the judgment. Various statutes were subsequently made, which prevented a writ of error from operating as a *supersedeas* unless bail in error was given. Thus, a plaintiff in error might have his writ and failing to give bail, he might be

compelled to satisfy the judgment before a trial in the court of error.—— The proceeding to enforce the judgment against the plaintiffs in error, being *in invitum* and he being unable to prevent it, it was reasonable that he should have an opportunity of revising that judgment, and if found erroneous, that he should be restored to all he had lost by it. Therefore if a judgment was satisfied by such means, the plaintiff in error was not debarred from redress; but if he succeeded in reversing the judgment, notwithstanding his adversary had enforced satisfaction of it, he would be entitled to restitution.

Very different is the case of a plaintiff in error, who wishes to reverse his own judgment as he may do. He is under no necessity of suing out execution to enforce his judgment and receive satisfaction of it, and if by his own voluntary act he extinguishes his judgment, what is there on which a writ of error can operate? When a party voluntarily extinguishes his own judgment, he cannot afterwards complain of error in it. What is the difference in releasing a bond and afterwards endeavoring to recover on it; a writ of error is said to be a new action; 2 Saun., 101. Suppose a plaintiff reverses his judgment and procures a new trial, will he not hold on to what he has already received, and if on the second trial he should recover nothing, the defendant would not be entitled to restitution, for he stands in the place of one who has paid money by "process of law," under which he acquiesces. Thus the plaintiff will have it in his power to split his cause of action to recover one part of it at one time, and afterwards sue for the balance.

The other Judges concurring, the judgment will be that the plaintiff take nothing by his writ of error. Strange, 127.