## RoBARDS, *Executor, Appellant,* v. LAMB.

**Appeal after Satisfaction.** A party who has accepted satisfaction of a judgment in his favor, cannot afterward appeal. Thus where a probate order ascertained the balance of assets in the hands of a retiring administrator and declared that on filing in court the receipt of his successors therefor, he should be discharged, and the successors received the assets and gave such a receipt, and he produced the receipt in court, and an order was entered discharging him: *Held,* that they could not appeal from the order.

*Appeal from Hannibal Court of Common Pleas.*—HON. JOHN T. REDD, Judge.

AFFIRMED.

*Thos. H. Bacon* for appellant.

*Redd & Foreman* for respondent.

NORTON, J.—It appears from the record before us in this case that in August, 1872, a suit was pending in the Hannibal court of common pleas contesting the will of Jno. B. Helm, deceased, and that defendant, A. W. Lamb, was duly appointed on the 13th day of August, 1872, by the probate court, administrator *pendente lite;* that he qualified as such administrator and took upon himself the administration of said estate; that the said suit was finally determined on the 6th day of May, 1874, by the establishing and probating said will and so much of the codicil as appointed Jno. L. RoBards and Joseph J. Johnson executors of the will; that letters testamentary were duly granted to said RoBards and Johnson on the 11th day of May, 1874, that on the 19th day of May, 1874, Lamb, the administrator *pendente lite,* as well as the said RoBards and Johnson, appeared before the probate court and said Lamb presented his second and final settlement, which, after showing the assets received by him and the disbursements made, left a balance remaining in his hands of $56,136.39.

On the presentation of said settlement the probate court made the following order:

"Now, at this day, it appearing to the court that the suit in this estate growing out of the contest over the will of the decedent has been terminated, the administrator *pendente lite* makes his final settlement with this court, showing balance in his hands due said estate of $56,136.39, which is ordered to be turned over to the executors of said estate, and on filing in this court the receipt therefor he and his securities to receive their discharge."

On the same day the order was made, Lamb, the administrator, complied with it and paid over to said RoBards and Johnson the balance found by the court, as evidenced by the following receipt:

"We, the undersigned, executors of the estate of John B. Helm, deceased, have this day received from Alfred W. Lamb, late administrator *pendente lite* of said estate, all the moneys, bonds, notes, coupons, and all other evidences of debt held by him as administrator, as aforesaid, and belonging to said estate, as the same at large and more fully appears in the foregoing eight pages of this his second and final settlement.

May 19th, 1874.

JOHN L. ROBARDS,
JOSEPH J. JOHNSON,

Executors of Estate of J. B. Helm, deceased.

On the same day the following among other proceedings were had, to-wit:

"Now, at this day, Alfred W. Lamb, administrator *pendente lite* of the estate of John B. Helm, deceased, produces into court the receipt of the executors of the said estate of John B. Helm, for all properties held by him as administrator *pendente lite*. It is, therefore, now ordered that said administrator be discharged."

On the 27th day of May, 1874, Jno. L. RoBards, one of the executors, (the other executor, Joseph J. Johnson, refusing to join him,) in the vacation of said court filed an

affidavit for an appeal from said settlement, with the clerk of said court, on the 9th day of April, 1878. Joseph J. Johnson, one of said executors, resigned, thus leaving said RoBards sole executor. After the resignation of said Johnson, said RoBards, on the 13th day of August, 1878, filed a motion in the probate court for an allowance of an appeal from said settlement. This motion was sustained and the appeal allowed to the Hannibal court of common pleas, which appeal was dismissed by said court on defendant Lamb's motion, who, among other grounds for dismissal, assigned the following, viz.: that "said appeal was improvidently and without due process and authority of law allowed." From the judgment and order of said court dismissing the appeal plaintiff has appealed to this court, and the only question presented on the appeal is whether the facts of the case justified that order.

Conceding that it was the duty of Lamb, the administrator *pendente lite*, whose official life terminated when the suit which gave origin to his appointment ended in the establishment of the will, to make a settlement with the probate court of his acts and doings as such administrator, and conceding, as contended for by plaintiff's counsel, (without passing upon the question,) that one of the two executors could appeal from the judgment of the probate court approving the settlement, not only without the assent but over the protest of his co-executor; and conceding further, as contended for by plaintiff's counsel, (without giving the proposition our sanction,) that the fact that an appeal from such settlement of the administrator (even though the law contemplates the winding up of estates in three years) was not granted for more than four years after it was prayed for, would not authorize the dismissal of such appeal for non-prosecution, we are still confronted with the question which the facts of this case present, as we have stated them, viz.: Can a party appeal from a judgment in his favor after having accepted the fruits of the judgment and satisfaction of it? This question, we

think, has been answered by this court in the negative in the case of *Cassell v. Fagin*, 11 Mo. 207, where the precise question was considered, and in the disposition of it Judge Scott, speaking for the court, said that "when a party voluntarily extinguishes his own judgment, he cannot afterward complain of error in it. What is the difference in releasing a bond and afterward suing on it; a writ of error is said to be a new action. Suppose a plaintiff reverses his own judgment and procures a new trial, will he not hold on to what he has already received, and if on the second trial he should recover nothing the defendant would not be entitled to restitution, for he stands in the place of one who has paid money by process of law in which he acquiesces. Then the plaintiff would have it in his power to split his cause of action, to recover one part of it at one time and afterward sue for the balance." The same principle is announced in the case of *Chase v. Williams*, 74 Mo. 429. Judgment affirmed, in which all concur.