RoBards, *Appellant*, v. Lamb.

| | |
|---|---|
| 89 | 303 |
| 106 | 533 |
| 89 | 303 |
| 125 | 644 |
| 89 | 303 |
| 126 | 221 |
| 89 | 303 |
| d167 | 363 |

1.  **Administrator Pendente Lite, Settlement of.** An administrator *pendente lite*, appointed under General Statutes, 1865, chapter 124, section 13 (*Ibid*, R. S., 1879, sec. 14), is one for temporary purposes only, and when the contest as to the will is over, and the nominated executor qualifies, the functions of the former are at an end and he must settle his accounts and deliver the property of the estate in his hands to the regular executor.

2.  ———: NOTICE. Notice of such settlement by the administrator *pendente lite* with the regular executor is not required to be given.

*Appeal from Hannibal Court of Common Pleas.*—
HON. THEODORE BRACE, Judge.

AFFIRMED.

*Thomas H. Bacon* for appellant.

(1) The grant of administration *pendente lite* is in the nature of a decree *in rem*. Freeman on Judgments, [1 Ed.] p. 507, sec. 608. And, therefore, the judgment of final settlement of such administration is in the nature

of a decree *in rem.* *Fenix v. Fenix,* 80 Mo. 27; *North v. Priest,* 81 Mo. 561; *Grignon v. Astor,* 2 How. [U. S.] 319. And, therefore, notice to the world is essential to jurisdiction over the subject matter. *Caldwell v. Lockridge,* 9 Mo. 362; *Brashears v. Hicklin,* 54 Mo. 102; *Brown v. Weatherby,* 71 Mo. 152. And a judgment of such final settlement without such notice is invalid. (2) A settlement with successors is by the statutes expressly designated as a "final settlement," (G. S. Mo., p. 484, chap. 120, sec. 47), and all final settlements require a published notice thereof (G. S. Mo., p. 491, sec. 20), and as the judgment of final settlement was rendered without notice the judgment is invalid, and the settlement is operative only as an annual settlement. (3) The Missouri statutes require the filing of notice of any final settlement (*Ib.* p. 491, sec. 20), as well as publication, and as the final settlement of administration *pendente lite* is a special proceeding, a conformity to the statutes is necessary to confer jurisdiction over the subject matter, and no other method can be pursued. *Baker v. Hannibal,* 36 Mo. 544; *Powers v. Blakey,* 16 Mo. 437. And the record of the probate court must show its jurisdiction. (4) The executor's receipt of the assets tendered could not cure the want of jurisdiction over the subject matter, or dispense with compliance with a statutory special proceeding. *Stiles v. Smith,* 55 Mo. 363. Or a statute in aid of public policy. *State, etc., v. McGrath,* 86 Mo. 239. (5) The executors had no capacity to waive the publication of notice. The administrator *pendente lite* had no capacity to make a final settlement without such notice, and the executors had no capacity to accept such settlement without such notice. *Stiles v. Smith,* 55 Mo. 363. (6) No final settlement of the administration *pendente lite* could be made except by and through a valid judgment of the probate court. *Hawkins v. Cunningham,* 67 Mo. 415. Neither the executors nor the administrator *pendente lite* had any capac-

RoBards v. Lamb.

ity to make such final settlement *in pais*. They could not exercise powers not given to them by statute. *Cape Girardeau v. Harbison*, 58 Mo. 90. (7) Except as to the sum of $343.86, the judgment of final settlement, though expressed in figures as for $56,136.39, was simply a judgment upon the written confession of the administrator for restoration of assets, in kind, the same choses which the administrator had merely received and kept for the estate. On the alleged value of these choses, $55,792.21, the probate court allowed a commission of five per centum, and the excess of fees thus allowed amounts to $2.923.86, property of the trust estate which, by the final settlement, the administrator *pendente lite* illegally retained, and this constitutes the main item of damages complained of. *Hawkins v. Cunningham*, 67 Mo. 467. As to nature of such judgment see *Clyce v. Anderson*, 49 Mo. 37, 41, 42. (8) The minority and the coverture, as pleaded, concur in saving the patrimonial rights. *Houts v. Shepherd*, 79 Mo. 141. The beneficiaries have a right to maintain this action. *Morehouse v. Ware*, 78 Mo. 100. (9) The motion for the impleading of the plaintiff's husband was filed in order to show that the court below decided on the merits. There could be no dismissal for defect of parties. *Butler v. Lawson*, 72 Mo. 227.

*Silver & Brown* also for appellant.

(1) The proceeding by plaintiff in this case, even conceding the settlement of Lamb, although made without notice, to have had the full effect of a final one, is sustained by the decisions of this court. *Byerly v. Donlin*, 72 Mo. 270; *Houts v. Shepherd*, 79 Mo. 141. In the Byerly case a credit had been allowed Brown, the administrator, on final settlement which should not have been given, and the heirs brought their suit in equity to

correct it.   In course of the opinion of the court Judge
Napton said : "It is true there is no direct evidence of
fraud on the part of Brown, who was proved to be a
man of good character, but there was nothing to show
the propriety of such a charge, and that it was a mistake
appeared beyond question."   72 Mo. 271.   So in *Houts v.
Shepherd*, 79 Mo. 141, it was decided and held that the
taking of credit by an administrator for what in no view
of the case he is entitled to is sufficient misconduct on
his part to vitiate his settlement as fraudulent to the ex-
tent of such improper credit.   These rules were held as
to final settlements made on due notice.   It stands con-
fessed by the demurrer to the petition that the adminis-
trator *pendente lite* was allowed and credited with five
per cent. on the entire nominal amount of assets received
by him.   That such an allowance and credit was
wholly wrong and improper is expressly decided in
*Hawkins v. Cunningham*, 67 Mo. 415.   (2) Notice
of the settlement of an administrator *pendente lite*
is necessary to bind heirs and other parties in in-
terest.   G. S., 1865, pp. 490-1 ; *State, etc., v. Roper*,
82 Mo. 61 ; *Fenix v. Fenix*, 80 Mo. 30 ; 22 Am. Dec.
179.   (3) The doctrine announced in *RoBards v. Lamb*,
76 Mo. 192, was certainly never intended to affect per-
sons who were not parties to the settlement and who had
not had their day in court.   (4) A discharge of a receiver
is no bar to an action against him for previous liability.
High on Receivers, sec. 848.

*Anderson & Foreman* and *Thos. F. Gatts* for re-
spondent.

(1)   The appeal taken from the judgment of final
settlement of the respondent by John L. RoBards, exec-
utor of the Helm estate, and finally determined by the
Supreme Court in *RoBards, Ex'r., v. Lamb, Adm'r*, 76
Mo. 192, involved every question of error, if any, in the
matter of said final settlement and the final judgment of

said probate court therein; and by the final judgment of said Supreme Court in said case, every question of error, if any, in the matter of said final settlement, and the final judgment of said probate court therein, including the alleged cause of complaint of plaintiff, was finally adjudicated. *RoBards, Ex'r, v. Lamb, Adm'r,* 76 Mo. 192; *Aurora City v. West,* 7 Wall. 102; *Beloit v. Morgan,* 7 Wall. 622. (2) The respondent was not required by law to give any published or public notice of his intention to make final settlement of the assets belonging to the estate, and the judgment of the probate court cannot be affected by want of any such notice. Sec. 13, chap. 120, G. S. Mo.; *Lamb, Adm'r, v. Helm,* 56 Mo. 433; *Hawkins v. Cunningham,* 67 Mo. 415. (3) An administrator *pendente lite* is charged with no duty to, and has no legal relationship with legatees under a contested will. *McIlwrath v. Hollander,* 73 Mo. 105. (4) The only statutory provisions requiring notice preliminary to final settlements of administrators, were section 43, p. 484, General Statutes, Missouri, providing for notice by an administrator or executor desiring and intending to resign, and section 16, p. 507, General Statutes, Missouri, providing for notice by an administrator wishing to make a final settlement and distribution of an estate. These provisions of the law can have no reference to an administrator *pendente lite,* because he neither resigns nor makes a final settlement of the estate, having no power to do so. They apply only to general administrators, and for the purposes specifically set forth. Section 20, p. 491, relates only to the method of proving and filing notices required elsewhere by the law to be given. (5) Section 47, p. 484, Revised Statutes, Missouri, requires no notice of the final settlement therein provided to be made by the executor or administrator, or his personal representative, who has resigned or died, or whose letters have been revoked. Besides, this section has no reference to an administrator *pendente. lite.* (6) If

notice of final accounting of an administrator *pendente lite* were required, yet as accounting was by the law to be done directly to the qualified executor, such notice could be waived by the executor, and the fact that the executors of the Helm estate voluntarily appeared in court, settled with respondent, gave him receipt in full, and afterwards appealed, was such waiver. When the object of a notice is accomplished by the appearance of parties, it is immaterial whether there was notice or not. *McLeran v. Shartzer*, 5 Cal. 70; 63 Am. Dec. 84; *Brown v. Weatherby*, 71 Mo. 156. (7) The appellant and all the legatees under the will were parties to the suit contesting the will, and are claimants under the judgment probating the same, which judgment terminated the power of the respondent to act, and by law imposed upon him the direct duty of accounting to the executors alone of the will so probated. Of these legal effects and facts the law charges the appellant with knowledge. (8) The judgment of the probate court on appellant's theory, was simply irregular, for want of constructive notice, and this could be corrected only by appeal, or on motion in same court, as provided by section 26, p. 686, General Statutes, Missouri. *Sims v. Gray*, 66 Mo. 613. (9) For all irregularities of the probate court, for all mistakes of the law it makes, and for all erroneous judgments or illegal allowances not founded in fraud, there is ample and full remedy at law by appeal or motion. Equity only intervenes in case of fraud. *Jones v. Brinker*, 20 Mo. 87; *Miller v. Major*, 67 Mo. 247; *Lewis v. Williams, Adm'r*, 54 Mo. 200.

BLACK, J.—This is an appeal from a judgment of the Hannibal court of common pleas sustaining a demurrer to the petition. The suit is in equity and the petition discloses the following facts: In 1872 John B. Helm died at Hannibal, Missouri, leaving a will and eight codicils. In one of the codicils John L. RoBards

and Joseph J. Johnson were appointed executors. The will was admitted to probate, but the codicils were rejected by the probate court; the widow of the testator was appointed administratrix with the will annexed. Certain of the devisees and legatees instituted a suit to contest the will as probated, and sought to have the same and the codicils established. Pending this suit, and on the thirteenth of August, 1872, the probate court revoked the letters of administration granted to the widow and appointed the defendant in this suit administrator *pendente lite*. On the sixth of May, 1874, the controversy over the will terminated in a judgment establishing the will and six of the codicils, including the one appointing RoBards and Johnson executors. Thereupon letters testamentary were issued to them and they qualified by giving bond, etc.

Afterwards, and on the nineteenth of May, 1874, the defendant, as administrator *pendente lite*, filed his settlement in the probate court, which settlement disclosed a balance of assets in his hands of $56,136.39, consisting of a few hundred dollars in money, bonds, notes and the like. On the same day the probate court made an order reciting the fact that the will and codicils had been established, and also stating that the administrator had filed his settlement disclosing the above balance in his hands, and ordered the same to be turned over to the executors nominated by the will, and that he should be discharged upon filing their receipt therefor; and on the same day he filed in that court their receipt acknowledging the delivery to them of "all the moneys, bonds, notes, coupons and other evidences of debt," as shown and disclosed by the settlement, and thereupon and on the same day the court made an order discharging the administrator *pendente lite*. From this order Mr. RoBards, one of the executors, prosecuted an unsuccessful appeal, the history of which is set out in the petition and will be found in *RoBards v. Lamb*, 76 Mo.

192. One of the executors resigned in 1878, and Mr. RoBards, the other one, made final settlement of the estate in 1883. After this settlement, the plaintiff, who is the wife of RoBards, and one of the residuary legatees, commenced this suit. Besides the facts before stated, it is alleged that the defendant kept and retained commissions to which he was not entitled, to the amount of over two thousand dollars, and that the plaintiff has acquired by assignment from the other residuary legatees, their right to have and recover from defendant these excessive commissions.

There can be no doubt but the order of the probate court, approving the settlement made by the administrator pending the will suit, and discharging him upon filing the receipt of the executors, is a judgment and must be treated as a judgment of a court having full and complete jurisdiction of the subject matter. When the case of *RoBards, Ex'r, v. Lamb*, was here, it was distinctly held that as the executors received and receipted for the money and property ordered to be turned over to them, and thereby accepted the fruits of the judgment in their own favor, they could not prosecute an appeal from the judgment which they had thus satisfied. The plaintiff seeks to avoid the force of that adjudication and the binding force of the judgment approving the settlement and discharging the administrator by showing, and the fact is admitted, that the administrator gave no notice of his intention to make the settlement, and because of which it is claimed the judgment is void as to the plaintiff. This presents the inquiry whether any notice was required to be given. All executors and administrators are required to make annual settlements, the details of which are defined by law. Sections 16 to 19, chapter 124, General Statutes, which are the same as sections 238 to 241, Revised Statutes, 1879, provide, that if any administrator wish to make final settlement he shall give notice of his intention so to do for four weeks, by publication,

etc., and the court must find that such notice had been given. His accounts are then stated, allowances made for insolvent assets, and uncollected notes, accounts, etc., may be sold. It is clear the final settlement here contemplated is that to be made at the end of the administration of the estate. There is, then, no representative of the estate with whom he makes the settlement save the creditors and distributees themselves, and hence the notice that all may be brought before the court. The defendant was appointed by virtue of section 13, chapter 120, General Statutes, being sec. 14, R. S., which says : "If the validity of a will be contested, or the executor be a minor, * * * letters of administration shall be granted during the time of such contest to some other person, * * * who shall take charge of the property and administer the same according to law, under the direction of the court, and account for and pay and deliver all the money and property of the estate to the executor or regular administrator, when qualified to act." As was said in *Lamb, Adm'r, v. Helm, Adm'x*, 56 Mo. 433 : "Such special administrators occupy more nearly the position of a receiver, who acts under the direction of the court, than they do the position of a general administrator." The special administrator is appointed for temporary purposes only (*Hawkins v. Cunningham*, 67 Mo. 415), and when the contest as to the will is over and the nominated executor qualified, his functions are at an end, and he must settle his accounts and turn over the property in his hands to the regular executor or administrator. This accounting is his final accounting, it is true, but it is not a final settlement of the estate contemplated when notice is required to be given. There is no need of any notice, for there is then a regular representative of the estate with whom the settlement is made under the direction of the probate court. The statute which provides for notice on final settlements, therefore,

has no application to settlements made by an adminis-
trator *pendente lite*, and notice is not required.

As to section 47, chapter 120, which provides that if
any administrator die, resign, or his letters be revoked,
he or his legal representatives, shall account to the suc-
cessor, etc., it is sufficient to say the section has no ap-
plication to this case, for here, the special administrator
neither resigned, nor were his letters revoked, but his
powers ceased by operation of law and the express terms
of the appointment. We do not intimate that in these
cases notice of the settlement must be given, though
when an administrator desires to resign, notice of his in-
tention to make application to that end must be given.

It follows that the judgment of the probate court
discharging the special administrator is final and con-
clusive, even as against the plaintiff, for there is no
saving clause as to minors or married women. The peti-
tion does not seek relief on the ground of fraud.

The judgment in this case is, therefore, affirmed.
All concur.