GEORGE D. HOUCK, Appellant, v. LOUIS SWARTZ, Respondent.

St. Louis Court of Appeals, February 23, 1887.

APPEALS—JUDGMENTS—SATISFACTION OF.—A judgment creditor who accepts a tender made in satisfaction of the judgment recovered by him before a justice, can not appeal from such judgment without returning the money so received.

APPEAL from the Lawrence County Circuit Court, M. G. McGREGOR, Judge.

*Affirmed.*

JOHN T. TEEL, for the appellant: In order to authorize the justice to render judgment against the plaintiff for the costs, it must affirmatively appear that all costs then accrued must be paid at the time tender is made by depositing the money with the constable for the plaintiff. Rev. Stat., sect. 2922. In order that a tender shall be operative and of full force after suit brought, the money must be paid into court for the sole use of the person to whom tender is made. *Lynch v. Jennings*, 43 Ind. 287. And such tender, after suit, must remain in court and be pleaded as such, to prevent the payment of costs and subsequent interest. *Johnson v. Triggs*, 4 Gr. (Ia.) 97; *Freeman v. Fleming*, 5 Ia. 460; *Shugart v. Pattee*, 37 Iowa, 422; *Nelson v. Oren*, 41 Ill. 18; *Ferrell v. Walker*, 65 N. C. 91; *Brock v. Jones*, 16 Texas, 461.

W. CLOUD, for the respondent: The demand having been adjudicated and paid, the plaintiff had no further cause of action. *Murphy v. Smith*, 86 Mo. 338; *Thompson v. Elevator*, 77 Mo. 520.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace to collect a balance claimed to be due by account, for work and labor done and materials furnished by the plaintiff in building a house for the defendant. The justice, under the provisions of Revised Statutes, section 2862, appointed a private person to execute the summons upon the defendant. The defendant deposited with this person the sum of twenty dollars, under the provisions of Revised Statutes, section 2922. A trial before a jury in the justice's court resulted in favor of the plaintiff in

the sum of ten dollars. Thereupon, the person who had been so deputized by the justice to act as constable, handed to the plaintiff the sum of ten dollars, informing him that it had been deposited with him by the defendant for that purpose, which sum the plaintiff accepted and retained, and has never refunded. Thereupon the justice heard evidence, under oath, of the fact that a tender had been made, and announced to the parties that he would take the case under advisement, which he did, and on the next day rendered judgment in favor of the defendant for the costs of the action. When the plaintiff learned that the justice had so rendered judgment he appealed to the circuit court.

In the circuit court a jury was called to try the action. The plaintiff gave evidence touching the merits of his claim, and on his cross-examination, and through the testimony of other witnesses, the above facts appeared. The plaintiff's testimony tended, however, to show that, before the money was offered to him by the constable, after the jury had rendered their verdict on the trial before the justice, the plaintiff's attorney had left the court and the plaintiff had no one to advise him concerning his rights in the premises; that the plaintiff had no knowledge of the fact that the deposit had been made with the special deputy constable, as above stated, until the special deputy offered him the ten dollars, and that he did not know that the acceptance of it would result in a judgment against him for the costs of the action.

Upon this evidence the circuit court directed the jury that the plaintiff could not recover; they accordingly returned a verdict for the defendant; and from the judgment entered thereon the plaintiff has appealed to this court. .

By section 2862, Revised Statutes, the person appointed by the justice to execute the summons, possessed all the powers and authority of a constable, in relation to the execution of such process, and was

subject to the same obligations. By section 2922, Revised Statutes, it is provided that, "in all actions where, before suit brought, tender shall be made and full payment offered, by discount or otherwise, in such specie as the party, by contract or agreement, ought to do, and the party to whom such tender shall be made doth refuse the same, and yet afterwards will sue for the debt or property so tendered, and the thing, if in money, shall be deposited, before the trial of the cause shall commence, with the constable of the township in which the suit is brought, * * * the plaintiff shall not recover any costs in such suit, but the defendant shall recover costs, as if judgment in the case had gone in his favor on the merits." The evidence does not show that the defendant brought the case within this statute, because it does not show that he made an actual tender of the money to the plaintiff before the suit was brought. But this does not seem to be material; because, assuming that the judgment of the justice was erroneous, the plaintiff could not keep the principal sum therein awarded and refuse to comply with the other part of it, and appeal from it. A judgment is an entire thing. The person in whose favor it is rendered, or in whose favor it is in part rendered, can not keep possession of the fruits which he may acquire from it, and at the same time appeal from it. By taking the fruits which accrue from it, it becomes satisfied, and he releases any errors which may have been committed in rendering it. *Cassell v. Fagin*, 11 Mo. 207 ; *RoBards v. Lamb*, 76 Mo. 192. The circuit court might properly have withdrawn the case from the jury and dismissed the appeal, upon these facts appearing, as the Hannibal court of common pleas did, on motion, in the case of *RoBards v. Lamb* (*supra*), which judgment of dismissal the supreme court affirmed.

But the verdict and judgment for the defendant accomplished the same result and the judgment is, therefore, affirmed. All the judges concur.