MARTIN V. MEDART, Respondent, v. BAKER'S EUREKA
HOT AIR & STOVE BURNER MANUFACTURING
COMPANY, Appellant.

### St. Louis Court of Appeals, November 9, 1892.

1. **Justices' Courts:** EFFECT OF PAYMENT OF JUDGMENT TO JUSTICE'S
CLERK. One who has recovered a judgment before a justice of the
peace is not bound by a payment of the judgment, made without his
consent to the justice's clerk. Accordingly such payment will not
debar the right of the judgment creditor to appeal from the judgment
as insufficient, though it was made after the issue of execution at his
instance.

2. **Appeal:** RETRIAL IN APPELLATE COURT. Where the plaintiff's state-
ment in a suit before a justice of the peace sets forth three causes of
action in as many counts, and the justice renders judgment in his
favor for the amount of one cause of action, but his docket entries
fail to dispose separately of any of the several counts, an appeal by
the plaintiff warrants a retrial on all the counts in the appellate court.

*Appeal from the St. Louis City Circuit Court.*—HON.
JACOB KLEIN, Judge.

AFFIRMED.

*John M. Dickson,* for appellant.

(1) Under the statutes of Missouri only the case
that was actually tried in the justice court can be tried
in the circuit court upon appeal; and, although there is
a *de novo* trial there, "*de novo*" only means the case that
is presented by the transcript of the justice's record.
Revised Statutes, 1889, sec. 6345. The official record of
what was tried in the justice court must be contained in
the transcript of the justice; and, if there are any omis-
sions or errors in that record, they must be supplied or
corrected by the circuit court upon an application made

for that purpose to the circuit court as provided by the statutes; and the motion and rule thereunder must have reference only to the omissions or errors in the transcript compared with the record of the justice, and must not extend to the omissions or errors made by the justice in the record itself. The record showing that the summons, cause of action tried and judgment rendered exactly corresponded, and that the same had been paid, there was nothing before the circuit court to try. Revised Statutes, 1889, sec. 6336; *Horton v. Railroad*, 21 Mo. App. 148–9; *Norton v. Porter*, 63 Mo. 346–7; *Smith v. Chapman*, 71 Mo. 218. (2) One who has so far accepted a judgment as correct as to order an execution to issue thereunder, and a levy to be made on the goods and chattels of defendant, cannot afterwards, when defendant has paid the same under threat of levy, deny the correctness of the judgment or take an appeal therefrom. Bigelow on Estoppel [4 Ed.] p. 642, and cases cited in notes 3 and 4.

*Henry Kortjohn*, for respondent.

BIGGS, J.—This cause originated before a justice of the peace. The evidence was heard by the magistrate on December 11, 1891. After holding the case under advisement until December 14, the justice rendered a judgment in plaintiff's favor for $89.45, and he found against the defendant on a set-off which had been filed. On December 19 the plaintiff's attorney ordered an execution, and had the same placed in the hands of the constable. On December 24 the plaintiff filed his bond, and affidavit for an appeal, which was granted, and the execution recalled. The transcript also shows that on December 23, the day before the appeal was taken, the defendant paid $99.28, which was the total amount of the judgment and costs. The transcript fails to show

to whom the money was paid. When the cause reached the circuit court, the defendant moved to dismiss the appeal alleging in the motion the facts disclosed by the record and the further fact that, prior to the appeal and in order to protect its property from levy under the execution, the defendant paid to the clerk of the justice the amount of the judgment and all costs which had then accrued. This motion was overruled, and in this it is now claimed that the court committed error.

There was some evidence taken at the hearing of the motion tending to prove that the justice had failed to notify the parties of the amount of the judgment; that the plaintiff's attorney, acting under the supposition that the judgment was for the entire amount sued for, ordered an execution; that, as soon as he ascertained what had been done, he refused to accept the money which had been paid to the justice, and immediately took the necessary steps to perfect an appeal.

In support of the motion to dismiss, an estoppel is invoked against the plaintiff, in that the judgment, at his instigation, had been satisfied by due process of law before the appeal was taken, and that, although the time for taking the appeal had not expired when the money was paid, the plaintiff was nevertheless estopped from further litigating the matter. We do not think that the determination of this question is made to depend· on any principle of estoppel. The plaintiff had the legal right to take the appeal, although he had ordered the execution, unless the execution of the judgment had been *legally* satisfied prior to the appeal. If such was the fact, then the judgment was extinguished, and there was nothing to appeal from. *Cassell v. Fagin*, 11 Mo. 207. It will be thus seen that the correctness of the ruling of the court on the motion to dismiss depends upon the simple legal proposition, whether the payment to the clerk of the justice was a

legal satisfaction of the judgment or execution. The statute (Revised Statutes, 1889, sec. 6316) puts this matter beyond dispute. It reads: "No payment of money upon a judgment, made to the justice either before or after execution thereon, shall be valid against such judgment, nor credited thereto, unless paid with the consent of the person to whom the same is due." The uncontradicted evidence was that the plaintiff knew nothing about the payment when made, and refused to accept the money when notified. The purpose of the statute is obvious. A justice of the peace is not required to give bond, and for this reason the interest of litigants would be greatly jeopardized if he were allowed to collect and satisfy judgments. The action of the court in overruling the motion to dismiss the appeal was clearly right.

Among the original papers sent by the justice to the circuit court was a petition filed by the plaintiff at the commencement of the action. It contained a statement of three separate causes of action stated in as many different counts. The first count was for $80, the second for $59, and the third for $89.45. The defendant filed an answer before the justice, which was also returned to the circuit court, in which it denied liability on all causes of action stated, and the answer also stated a counterclaim, for which judgment was asked, and it also contained a statement of a set-off to the alleged cause of action stated in the third count. It will be observed that the judgment of the justice was for the amount of the demand stated in the third count, and there was a finding against the defendant on the set-off, but no mention whatever is made of the other counts or the defendant's counterclaim. On the trial, the defendant objected to any testimony under the first and second counts of the petition, because the transcript of the justice conclusively showed, as it

claimed, that the last count only was tried by the justice. The court overruled the objection, and the defendant excepted, and upon this exception is based the second assignment of error.

The action of the court in reference to this assignment is claimed to be error upon the well-recognized law that the same cause of action, and none other, must be tried in the circuit court that was tried before the justice. This point is predicated on a misconception of what the record, in appeals from a justice, consists. If we can look *only* to the transcript of the docket entries, the point would be well taken. But the statute requires the original papers to be sent to the circuit court, and such papers and the transcript of the proceedings before the justice make up the record, which must be read as a whole in determining the nature of the action, and what was really tried before the justice. Revised Statutes, 1889, sec. 6337; *Kinion v. Railroad*, 39 Mo. App. 382; *Hansberger v. Railroad*, 43 Mo. 196; *Fields v. Railroad*, 80 Mo. 203; *Barnett v. Railroad*, 68 Mo. 56; *Hill v. Ore Co.*, 90 Mo. 103. In the present case, the transcript does not show a dismissal as to the first and second counts; neither does it show a withdrawal of the counterclaim which is mentioned in the answer, and which was filed as a paper in the case. The transcript is silent as to these matters. Under this condition of the record the circuit court was justified in assuming that the statement in the transcript that the demand sued on was only for $89.45 was a mistake. The mistake is proved by the record itself. We find a statement in the briefs that in the original summons the plaintiff's demand was stated to be $89.45. The summons is not in the record. Conceding this to be true, it would in no way help the defendant. Its answer shows that it appeared to the action and made answer to the other causes of action.

Any rights which it may have had on account of this defect in the process were thereby waived. We will have to rule this assignment likewise against the defendant.

Finding no error in the record, the judgment of the circuit court is affirmed. All the judges concur.