In re Guardianship of SACHLEBEN; KOCH, Respondent, v. SACHLEBEN, Appellant.

St. Louis Court of Appeals, April 12, 1904.

1. **APPEAL: Estoppel: Acceptance of Amount of Judgment.** If a party obtaining a judgment, accepts payment thereof he thereby affirms its validity and is estopped by election to question it by appeal.

2. ———: ———: ———: Where a ward, on the final settlement of his guardian with him, excepted to the account presented by the guardian, claiming sums for which the guardian had not charged himself, but the account presented was approved by the probate court, the ward, by receiving and receipting for the amount admitted and found to be due, is precluded from appealing from the order approving the final settlement.

Appeal from St. Louis City Circuit Court.—*Hon. R. M. Foster,* Judge.

AFFIRMED.

*H. A. & H. H. Haeussler* and *Charles S. Reber* for appellant.

*Frank E. Richey* for respondent.

The acceptance of the property and money by Sachleben in accordance with the final judgment of the probate court, and his receipting therefor amounted to a complete satisfaction of that judgment, and Sachleben could not thereafter appeal therefrom. Robards v. Lamb, 89 Mo. 303; Robards v. Lamb, 76 Mo. 192; Chase v. Williams, 74 Mo. 429; Brinkerhaff v. Elliott, 43 Mo. App. 185; Waddingham v. Waddingham, 27 Mo. App. 596; Davis v. Blair, 88 Mo. App. 372; Cassell v. Fagin, 11 Mo. 135; Houck v. Swartz, 25 Mo. App. 17; State ex rel. v. Lubke, 15 Mo. App. 152; Noah v. Ins. Co., 78 Mo. App. 370; Austin v. Loring, 63 Mo. 19; Aull v. Trust Co., 149 Mo. 1; Medart v. Bakers' Mfg. Co., 51 Mo. App. 19; Pockmann v. Meatt, 49 Mo. 345.

GOODE, J.—Julius W. Koch was the guardian of the person and estate of Edward H. Sachleben, a minor. He filed his final settlement in the probate court of St. Louis, December 6, 1902, his ward having attained his majority prior to that date. In said settlement he exhibited the assets in his hands as follows:

Forty-four shares of stock in the Fourth Nat'l
    Bank, inventoried at ..................$4,400.00
One-half interest in a piano, value..........     87.50
The center diamond in a breast-pin, appraised
    at ...... ...... ...... ..............     50.00
Cash ...... ...... ...... ...... ...... 1,733.08
                        ——————
     Total ...... ...... ...... ....$6,270.58

All the items of property specified in the settlement had been bequeathed to Edward Sachleben by his mother, who likewise willed him a house and lot on La Salle street in St. Louis. Koch was her husband and the stepfather of the minor. He was appointed executor of her will. Upon the settlement of his executorship he qualified as the guardian of the minor and in that capacity retained the above property of his ward. When he filed his final settlement as guardian, he credited himself with commissions in the way of compensation for his services as guardian in the sum of $845.56. Sachleben filed exceptions in the probate court to the settlement, assigning among other things, that Koch had taken credit for an exorbitant compensation and that he had wrongfully refused to account for and charge himself with rents he had collected from the house on La Salle street. Certain other exceptions were made, not necessary to be stated. Sachleben prayed for a peremptory order on Koch to turn over to him the money and property which the final settlement admitted were due to him. The exceptions and the prayer for said peremptory order were heard by the probate court and overruled, the compensation claimed by Koch as guardian was allowed, the final settlement approved, the items of money and property above enumerated were found to be in Koch's hands, and he was ordered to pay to Sachleben the cash, to-wit; $1,733.08, and to transfer and deliver to him the bank stock, the half-interest in the piano, and the diamond. This judgment was rendered December 12, 1902. The next day Sachleben appeared in open court and executed the following receipt:

"Received this thirteenth day of December, 1902, of Julius W. Koch, guardian of my estate, forty-four shares of the capital stock of the Fourth National Bank of St. Louis, transferred and assigned to me; the one-half interest in the piano, and the center or middle diamond of the breast-pin appraised at $50 all as inventoried in said estate, and also the sum of one thousand

seven hundred and thirty-three dollars and eight cents, being money and property ordered turned over to me by the probate court of the city of St. Louis at the December term, 1902, of said court. Dated St. Louis, Mo., Dec. 13, 1902. Edw. H. Sachleben.''

Simultaneously with the execution of said receipt, the probate court finally discharged Koch as guardian, and on the same day Sachleben prayed an appeal from the judgment of the probate court overruling his motion for a peremptory order on Koch to turn over to him the money and property, overruling his exceptions, approving the final settlement, allowing Koch the compensation aforesaid and discharging him as guardian. Sachleben filed his affidavit and bond for appeal and the appeal was allowed. Koch filed a motion in the circuit court to dismiss the case on the ground that the appeal was granted improvidently and without authority, as Sachleben, after the judgment approving the final settlement and discharging Koch as guardian, had received from the latter the property aforesaid and in open court had acknowledged the receipt of it, thereby accepting the fruits of the judgment and precluding an appeal. The circuit court sustained the motion to dismiss and from that judgment an appeal was taken by Sachleben to this court.

The articles of property received by Sachleben from his guardian were never in contest. Sachleben's right to receive those articles was conceded and the exceptions filed by him related to other matters; viz., commissions claimed by Koch and rents alleged to have been collected by him. But those matters had to be taken into account to determine the amount of cash left in Koch's hands to be paid to his ward and were necessarily decided in disposing of the exceptions to the settlement. If he had not charged himself in his settlement with the rents collected by him, or had taken credit for excessive commissions, the balance of cash was greater than his settlement showed. The probate court in order to ascer-

tain how much cash ought to be turned over, had to pass on the exceptions to the items mentioned, which, therefore, were covered by the judgment. The general rule of law is that a litigant party can not accept the benefits of a judgment and then appeal from it. This is on the theory of estoppel by election. The party obtaining the judgment, if dissatisfied, may choose between endeavoring to overthrow it on appeal, or submit and take what it gives him. If he adopts the latter course, he affirms the validity of the judgment and will not be heard afterwards to question it. That doctrine is in force in this State and has been recognized in cases not materially different from this one. Robards v. Lamb, 76 Mo. 192 is in point. In that case an administrator *pendente lite* had been appointed to have charge of a testator's estate pending the contest of the will. He acted for two years, when, the will having been established, the estate was ordered into the hands of the executors. The administrator *pendente lite* made a final settlement which was approved and the balance shown was turned over to the executors and receipted for by them. Subsequently one of them appealed from the judgment approving the final settlment, and it was held his appeal would not lie because the fruits of the judgment had been accepted. As the amount ordered into the hands of the executors agreed with the showing made by the settlement, in effect it had been tendered by the administrator. That litigation was in the Supreme Court again in the form of an equity suit to set aside the order of the probate court approving the settlement (89 Mo. 303). In disposing of the appeal, the opinion said: "When the case of Robards, Exrs., v. Lamb, was here it was distinctly held that as the executors received and receipted for the money and property ordered to be turned over to them and thereby accepted the fruits of the judgment in their own favor, they can not prosecute an appeal from the judgment which they have thus satisfied." Other decisions in point are Cassell v.

Fagin, 11 Mo. 217; Chase v. Williams, 74 Mo. 429; State ex rel. v. Lubke, 15 Mo. App. 159; Houck v. Schwartz, 25 Mo. App. 17; Waddingham v. Waddingham, 27 Mo. App. 596; Brinkerhoff v. Elliott, 43 Mo. App. 185; Medart v. Mfg. Co., 51 Mo. App. 19; Davis v. Blair, 88 Mo. App. 372.

We are aware there are precedents holding that a party who recovers judgment for an amount tendered and then accepts the tender, or who accepts payment after judgment of items which were never in contest, is not debarred from appealing. We cite cases of that kind, some of which resemble this one except that it did not appear the money or property received by the appellants was involved in the judgments appealed from. Embry v. Palmer, 107 U. S. 8; Tyler v. Shea, 4 N. Dak. 377; Upton Mfg. Co. v. Huiske, 69 Ia. 557; Tarleton v. Goldsthwaite's Heirs, 23 Ala. 346; McCreeliss v. Hinkle, 17 Ala. 459; Cocks v. Haviland, 7 N. Y. Supp. 870.

The facts before us bring this controversy within the scope of the Missouri decisions cited above. In re Hutton's Estate, 99 Mo. App. 132, decided by the Kansas City Court of Appeals, held that an appellate court could not look outside the record before it in disposing of an appeal. In that case the question arose whether an appeal could be prosecuted from a judgment of the circuit court overruling certain exceptions to an administrator's settlement, the exceptors having received their distributive shares pursuant to an order of distribution made by the probate court subsequent to the overruling of the exceptions by the circuit court. There was nothing in the record of the proceedings in the circuit court to show the order of distribution had been made and its fruits accepted by the appellants. In the case before us all the facts are contained in the record of the proceedings in the circuit court.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.