C. V. JOHNSON, APPELLANT, v. JOHNSON MOTOR COMPANY ET AL., RESPONDENT.—98 S. W. (2d) 146.

Kansas City Court of Appeals. November 9, 1936.

*Earl C. Borchers* and *Randolph & Randolph* for appellant.

*Culver, Phillip, Kaufman & Smith* for respondent.

BLAND, J.—This is an action to recover a salary. The case was referred to a referee who, in his report, recommended that judgment be entered in favor of plaintiff and against the defendant in the sum of $413.97, with interest. Plaintiff filed his exceptions to the referee's report, which were overruled, and judgment was entered in accordance with the report. Plaintiff filed a motion for a new trial which was likewise overruled. Thereafter, the amount of the judgment was paid to the clerk of the court by the defendant and the same was received by the plaintiff and the judgment was satisfied upon the records of the court, the following notation being made on such records:

"Oregon, Missouri, June 24, 1935, Received of Will Terry, Circuit Clerk, Four Hundred Ninety-four and 76/100 Dollars in full satisfaction of judgment dated May 20, 1935, but not cause of action in above entitled cause.

> "C. V. Johnson,
> "By John P. Randolph,
> "Earl C. Borchers,
> "Attorney of Record."

Thereafter plaintiff appealed. Defendant has filed his motion to dismiss the appeal and we now proceed to a disposition of this motion.

The facts show that the case was originally brought by plaintiff against the Johnson Motor Company and William L. Goetz. Thereafter the Johnson Motor Company became insolvent and the case was dismissed as to it. Hereafter we will refer to the remaining defendant, William L. Goetz, as the defendant.

The facts further show that defendant was the owner of practically all of the stock of the McDonnell Motor Company, which afterwards became the Johnson Motor Company. The business of the company was that of conducting a garage and motor sales agency in Maryville. On June 12, 1929, a written contract was entered into between plaintiff and the defendant wherein it was provided that plaintiff was to become the president and general manager of the Johnson Motor Company at a salary of $200 per month; that in the event that the business failed to show any profit during the first three months

plaintiff's salary should be reduced to $175 per month and was to remain at such figure until such business showed a profit.

There was a dispute at the trial as to whether defendant or the Johnson Motor Company was to pay plaintiff's salary, plaintiff claiming and defendant denying that the latter was to pay it.

After the execution of the contract plaintiff took charge of the business for the company. There is a dispute in the testimony as to the length of time that plaintiff was employed, as well as whether he was employed by the Johnson Motor Company or by the defendant. Also as to the amount of salary that plaintiff was entitled to receive during a part of the period that he was employed, whether it was $200 or $175 per month.

Plaintiff, in his petition on which the case was tried, asked for a salary at $200 per month from the 12th day of June, 1929, up to and including the 3rd day of March, 1932. It is alleged in the petition that plaintiff had received $4403 from the funds of the Johnson Motor Company and there was now a balance due him on account of his salary of $2147, together with interest from March 3, 1932, for which he asked judgment.

The answer of the defendant consisted of a general denial and an allegation that plaintiff's salary ceased on the 24th day of December, 1931; that when his services with the company ended it had on hand merchandise, in the possession of the plaintiff, in the sum of $638.77, for which he had not accounted; that the business of the company did not show any profit at any time during plaintiff's employment.

The answer further alleges that, with the amount of cash that plaintiff received and drew from the company, together with the merchdise received by him, plaintiff had been paid and received all of the salary that was due him. Defendant denied that the salary was due from him but alleged that if any were due it was from the company. Defendant in his answer asked that an accounting be had and that plaintiff be charged with the amounts of cash and merchandise which he had received and taken from the company.

As before stated, the controversy was referred to a referee. The referee found that defendant agreed to pay the salary and that plaintiff was entitled to receive $200 per month from June 12 to September 12, 1929, and $175 per month thereafter until December 31st, 1931, less $4403 cash received and unaccounted for merchandise to the value of $618.80. The referee, as before stated, recommended a judgment in favor of plaintiff and against defendant in the sum of $413.97, together with interest.

The exceptions to the report of the referee recite that the referee erred in finding that plaintiff was entitled to salary of only $175 per month after September 12, 1929, and in finding that his salary should cease on December 31, 1931, and in failing to find that defend-

ant was indebted to plaintiff for salary to the 3rd day of March, 1932, and in finding that plaintiff should be chargeable with the alleged shortage of merchandise to the value of $618.80; that the referee erred in recommending a judgment in the sum of $413.97, together with interest and that he should have recommended one in the sum of $2137 with interest. The motion for a new trial raises practically the same points as the exceptions to the referee's report.

We think that the motion to dismiss the appeal must be sustained. It is well settled that a party cannot prosecute an appeal from a judgment in his favor after he has received satisfaction of such judgment in whole or in part. [Cassell et al. v. Fagin et al., 11 Mo. 207; Roberts v. Lamb, 76 Mo. 192, 194, 195; Aull v. St. Louis Tr. Co., 149 Mo. 1, 15; Wolfort v. Reilly, 133 Mo. 463; Railroad v. Bridge Company, 215 Mo. 286, 297; In re Sachleben, 106 Mo. App. 307; Louck v. Schwartz, 25 Mo. App. 17, 20; Winsor v. Schaefer, 224 Mo. App. 1220; 3 C. J., p. 681.]

However, there is a well recognized exception to this rule, that is, one who accepts payment after judgment of items which were never in contest, is not debarred from appealing. [In re Sachleben, supra, l. c. 312; In re Hutton's Est., 92 Mo. App. 132; City of St. Louis v. Nelson, 108 Mo. App. 210; 2 R. C. L. 62; 3 C. J., p. 682.]

Plaintiff attempts to bring himself within this exception to the general rule and in this conection argues that defendant did not except to the referee's report and did not file a motion for a new trial or an appeal but paid the judgment in full and for this reason plaintiff's "right to the money which he has received stands admitted." We are unable to agree with this contention on the part of the plaintiff. This whole procedure throughout was against the wishes of the defendant. It was *in invitum* as to him. He consented to nothing. If what plaintiff contends were so, it would be hard to imagine a case where the general rule stated, supra, would apply.

There was a dispute at the trial in reference to several matters, whether defendant or the Johnson Motor Company employed plaintiff, the length of time for which his employment continued, the amount that he earned during the time that he undisputably was employed and the amount he received and retained of the company's cash and merchandise.

The motion for a new trial, and the brief of the plaintiff filed in this court, assign as error the action of the referee in allowing plaintiff a salary of only $175 per month from and after September 12, 1929, instead of $200 per month. There was also a dispute at the trial as to whether plaintiff earned any salary after June 12, 1931, plaintiff claiming his entire salary up to March 3, 1932. That issue was decided in favor of defendant and is one of the errors which plaintiff complained of in his motion for a new trial and in his brief

filed here. So it is not true, as plaintiff contends in his suggestions in opposition to motion to dismiss the appeal, that "the purpose of this appeal is to test the propriety of the set-off." Plaintiff refers to the allowance of $618.80, the charge which the referee made against plaintiff for merchandise unaccounted for, as a set-off and cites 3 C. J., pp. 682, 683, to the effect that it is held in some jurisdictions that plaintiff may accept the amount of a judgment in his favor and appeal for the purpose of modifying the judgment so as to increase the amount of his recovery, as where the judgment allows a counterclaim or a set-off, etc.

Strictly speaking, the item of $618.80 was not a set-off. But whether it was or not plaintiff's claim was not admitted at the trial and the controversy in the trial court and, indeed, in this court, was and is not confined to the alleged set-off. The whole claim and the amount thereof was and is in dispute.

Under such circumstances, plaintiff having received and acknowledged satisfaction of the judgment, he is not in a position to appeal. The appeal is, therefore, dismissed. All concur.