FRED ARTHUR GRAVES, Appellant, v. O. F. ELLIOTT, INC., Employer: EMPLOYERS MUTUAL LIABILITY COMPANY, Insurer.—No. 40080.— 197 S. W. (2d) 977.

Court en Banc, November 11, 1946.

Rehearing Denied, December 9, 1946.

*Norman, Foulke & Warten* for appellant.

*Justin Ruark, F. H. Richart* and *Rex Titus* for respondents.

754

 HYDE, J.—This is a Workmen's Compensation case, in which claimant's appeal was dismissed by the Circuit Court of Newton County. Claimant appealed to the Springfield Court of Appeals, which reversed the judgment of dismissal and remanded the case for further proceedings. [Graves v. O. F. Elliott, Inc., 195 S. W. (2d) 750.] On dissent of one of the judges, the case has been transferred here.

Claimant's injury was sustained in that part of the City of Joplin which is in Newton County. The parties stipulated that the hearing before the Referee could be held in the Court House in Joplin, located in Jasper County. After an adverse decision by the Referee and by the Commission, claimant filed a notice of appeal. The Commission's decision was made on November 5, 1943. The notice of appeal was dated November 8th and was received by the Commission on November 10th.

This notice, which was on a form adopted by the Commission, reads as follows: "The undersigned hereby gives notice of appeal to the Circuit Court of Jasper County, Missouri, from the award, order or decision made in the above matter by the Missouri Workmen's Compensation Commission under date of November 5, 1943, and requests said Commission under its certificate to return to said Court all documents and papers on file in the matter, together with a transcript of the evidence, the findings and award, order or decision, and to proceed hereon according to law."

The Commission certified the transcript of the evidence and other papers to the Circuit Court of Jasper County on November 18th. When the case came up there in 1944, the Court decided it did not have jurisdiction of the appeal and remanded the cause to the Commission. On November 17, 1944, the Commission sent the record to the Circuit Court of Newton County. Defendants filed a motion there to dismiss on the ground that the appeal was not taken within the time required by statute. This motion was sustained and a judgment of dismissal entered on February 21, 1945. For a more complete statement see the opinion of the Court of Appeals, 195 S. W. (2d), l. c. 751.

 Defendants first contend that this is not an appealable judgment under Code Sec. 126. (Mo. Stat. Ann. 847.126.) We agree with the Court of Appeals that this is not correct. A judgment of dismissal was a final judgment appealable under repealed Sec. 1184, R. S.

1939, which Sec. 126 superseded. [See In re Lively (Mo. App.), 88 S. W. (2d) 891; Boyd v. Logan Jones Dry Goods Co., 340 Mo. 1100, 104 S. W. (2d) 348.] We hold that it is a final judgment appealable under Sec. 126.

Defendant's second contention is that claimant never ·has appealed to the Circuit Court of Newton County and that his notice of appeal designating the Circuit Court of Jasper County amounted to nothing. The first sentence of Sec. 3732, R. S. 1939, Mo. Stat. Ann. grants the right of appeal "within thirty days from the date of the final award" to "the Circuit Court of the County in which the accident occurred." The second sentence of Sec. 3732, as to the notice, merely provides that "such appeal may be taken by filing notice of appeal with the Commission"; and that, when a notice of appeal is filed, the Commission shall certify to the court the documents and papers in the matter which shall become the record in the cause. Sec. 3732 makes no requirement concerning the contents of the notice of appeal, nor does any other section of the Compensation Act. Since the statute does not say what shall be stated in the notice, surely any language that can reasonably be construed to show that appellant is in good faith attempting to appeal from the final award in the case ought to be held sufficient. Certainly this should be true in view of the express declaration in Sec. 3764, R. S. 1939, Mo. Stat. Ann. that all of the provisions of the Compensation Act shall be liberally construed; that substantial compliance shall be sufficient; and that omissions of a technical nature shall not be fatal.

An appellant has no right to choose the court to which an appeal shall go because that is fixed by the statute. There is only one court to which any such appeal can go. Why is it not the duty of the Commission to determine that from the record and send the appeal there? Why should an error in the designation of the court be fatal when the statute does not require any designation. of the court by the appellant? We think that the reasonable construction of Sec. 3732 is that such designation cannot be held to be jurisdictional, but is only required by the Commission for its convenience. Therefore, the failure to designate the court would not make the notice void and likewise an incorrect designation may be disregarded. We hold that the only jurisdictional requirement for such an appeal is the timely filing of a notice of appeal which fairly shows that the appellant desires to appeal from the final award in his case; and that it is then the duty of the Commission to send the case to the proper court. We further hold that the Commission properly certified the record to the Circuit Court of Newton County when the same was returned to it by the Circuit Court of Jasper County after it found it was without jurisdiction.

The judgment of dismissal is reversed and the cause remanded for determination on the merits. All concur.