Woodrow J. COLLINS, Employee, Appellant,

v.

EICHLER HEATING COMPANY, Employer, and Liberty Mutual Insurance Company, Insurer, Respondents.

No. 29851.

St. Louis Court of Appeals.

Missouri.

Jan. 6, 1959.

J. O'Connell Hough, Thomas B. Maloney, William A. Fox, Charles T. Herrmann, Harry J. Nichols, Clayton, for appellant.

Evans & Dixon, John R. Dixon, St. Louis, for respondents.

RUDDY, Presiding Judge.

This is an appeal by an employee in a proceeding under the Workmen's Compensation Law, Section 287.010 et seq. RS Mo 1949, V.A.M.S., from a judgment of the Circuit Court affirming an award of the Industrial Commission in favor of the employee.

The claim for disability arises out of an accident which occurred on February 21, 1955. At the hearing before the Referee the employer and insurer admitted that the employee sustained an injury by accident arising out of and in the course of his employment. The only issue tried before the Referee was the nature and extent of the employee's disability resulting from the accident.

After a, hearing the Referee made an award in favor of the employee for "35 per cent permanent partial disability of the body as a whole." The employee was awarded 140 weeks of compensation at $35 per week, totaling $4,900.

The employer and insurer filed an Application for Review to the full Industrial Commission of Missouri. The Industrial Commission, after a review hearing, modified the award of the Referee and found that the employee had sustained "twenty (20) per cent permanent partial disability of the body as a whole" and awarded 80 weeks of compensation at $35 per week, reducing the award of the Referee from $4,900 to $2,800. Thereafter, the employee appealed from the final award of the Industrial Commission to the Circuit Court. The Circuit Court affirmed the award and this appeal followed.

The sole point relied on by the employee in his appeal is that the Application for Review of the award and findings of the Referee filed by the employer and insurer to the full Industrial Commission should have been dismissed by the Commission for failure to comply with certain mandatory rules of practice of the Industrial Commission.

It is the contention of the employee that because of this failure the proceedings before the Industrial Commission were null and void. In view of the nature of the sole point relied on by the employee it will be unnecessary to state the facts concerning the accident or the nature and extent of the injuries.

The employee concedes that there is sufficient competent evidence in the record to justify the award of 20% permanent partial disability.

Before considering the lone point raised by the employee, we are confronted

with a motion to dismiss this appeal filed by the employer and insurer. The employer and insurer have asked this court to dismiss the appeal of employee for the reason that subsequent to the final award of the Industrial Commission and while the employee's appeal was pending in the Circuit Court the insurer paid in full the award of the Industrial Commission and the employee received and accepted this amount in satisfaction of the final award. It is the contention of the employer and insurer that the award having been paid in full, the employee may not now be allowed to prosecute an appeal from such final award. It is admitted by the employee that he has been paid in full the amount of the award of the Industrial Commission. However, he contends that he had the right to accept those benefits while proceeding to seek the rest of what is due him. It is the contention of the employee that if the review before the Commission is found to have been a nullity, then the full award of $4,-900 made by the Referee would necessarily have to be reinstated. The employee points out that having conceded there is sufficient competent evidence in the record to justify the award of 20% permanent partial disability made by the Industrial Commission, he runs no risk of a less favorable judgment on this appeal since this court in this appeal must approve one of the two awards made below and having accepted the fruits of the smaller award that he is not precluded from prosecuting this appeal.

Employer and insurer in support of their motion to dismiss cite the rule as stated in the case of Central States Life Insurance Company v. Lewin, 342 Mo. 383, 115 S.W. 2d 801, 802, wherein the Supreme Court said:

" 'The general rule * * * is that a litigant who has voluntarily and with knowledge of all the material facts accepted the benefits of an order, decree or judgment of a court, cannot afterwards take or prosecute an appeal or error proceeding to reverse it. * * * The reason for this rule is that a party

cannot proceed to enforce and have the benefit of such portions of a judgment as are in his favor and appeal from those against it—in other words, that the right to proceed on a judgment and enjoy its fruits and the right to appeal therefrom are totally inconsistent positions, and the election to pursue one course must be deemed an abandonment of the other.' 2 American Jurisprudence, p. 975.

"The above statement is the well-settled rule in this jurisdiction. Johnson v. Johnson Motor Co., 231 Mo.App. 135, 98 S.W.2d 146; Cassell v. Fagin, 11 Mo. 207, 47 Am.Dec. 151; RoBards v. Lamb, 76 Mo. 192, 194, 195; Aull v. St. Louis Trust Co., 149 Mo. 1, 15, 50 S.W. 289; Wolfort v. Reilly, 133 Mo. 463, 34 S.W. 847; Cape Girardeau & T. B. T. R. Co. v. Southern Illionis & Missouri Bridge Co., 215 Mo. 286, 297, 114 S.W. 1084; In re Sachleben, 106 Mo.App. 307, 80 S.W. 737; Houck v. Swartz, 25 Mo.App. 17, 20; Winsor v. Schaefer, 224 Mo.App. 1220, 34 S.W.2d 989; 3 C.J. p. 681."

Employer and insurer point out that this rule was followed in the later case of Fear v. Ebony Paint Mfg. Co., 238 Mo.App. 560, 181 S.W.2d 559, loc. cit. 562, which was a Workmen's Compensation appeal. However, in the Fear case the court said:

" * * * there are exceptions to this rule as when 'it is possible for the appellant to obtain a more favorable judgment in the appellate court without the risk of a less favorable judgment from a new trial of the whole case there or in the lower court, then the acceptance of what the judgment gives him is not inconsistent with an appeal for the sole purpose of securing, without retrial of the whole case, a decision more advantageous to him.' 2 Am.Juris, pp. 977, 978.

" 'Acceptance of an amount to which the acceptee is entitled in any event does not estop him from appealing

from or bringing error to the judgment or decree ordering its payment. The rule that a party cannot maintain an appeal or writ of error to reverse a judgment or decree after he has accepted payment of the same in whole or in part has no application, as a rule, where appellant is shown to be so absolutely entitled to the sum collected or accepted that reversal of the judgment or decree will not affect his right to it, as in the case of the collection of an admitted or uncontroverted part of his demand, and in other like cases, as where his appeal is to establish his claim to something additional or to a greater amount.' 4 C.J.S. Appeal and Error § 216, p. 650."

The sole question for determination in the instant appeal is whether the Application for Review filed by the employer and insurer to the full Industrial Commission is a nullity for the reasons assigned by the employee. If the Application for Review is found to be a nullity then the award of the Industrial Commission will be set aside and the award of $4,900 made by the Referee will have to be reinstated. However, if we should find that the Application for Review was proper and sufficient, the final award of the Industrial Commission must be affirmed. Under the circumstances as outlined there can be no dispute as to the right of the employee to the sum of $2,800, the amount he received from the employer and insurer. This amount the employee would receive regardless of the outcome of his appeal.

If the exceptions to the rule referred to in the case of Fear v. Ebony Paint Mfg. Co., supra, are to have validity, then the circumstances of the employee's appeal must come within them. Regardless of the outcome of this appeal, the employee would be entitled to the sum he collected. The sole question presented by his appeal is whether or not he is entitled to an additional sum. We do not think accepting payment of the amount awarded by the Industrial Commission bars the employee's

right to have determined on appeal whether he is entitled to an additional sum, viz., the difference between the amount received ($2,800) and the amount awarded by the Referee ($4,900). The employee can never recover less than $2,800 on this appeal and has the possibility of recovering more. Consequently, his right to appeal is not defeated by acceptance of the amount awarded by the Industrial Commission. The motion of the employer and insurer to dismiss this appeal is denied.

■ As stated before, the sole question presented by this appeal is whether the Industrial Commission should have dismissed the "Application for Review" filed by the employer and insurer.

The award of the Referee in favor of the employee for permanent partial disability in the sum of $35 per week for 140 weeks was rendered on March 23, 1956. On March 29, 1956, the employer and insurer filed Form WC–11, entitled "Application for Review" with the Industrial Commission. This form is prepared by and furnished by the Industrial Commission to be used in filing Applications for Review before the Commission from the awards of Referees. The pertinent parts of this form are as follows:

"Application for Review

"The undersigned hereby makes application to the Industrial Commission of Missouri for a review by the full Commission of the findings and award, order or decision, made by the Referee of the Division of Workmen's Compensation in the above case issued on the ―― day of ――, 195―.

"The specific finding(s) appealed from, and which the petitioner claims are unwarranted by the evidence, are as follows: * * *"

Under the specific findings appealed from, the employer and insurer set forth the specific findings of the Referee which they claim were unwarranted by the evi-

dence. The findings listed and appealed from concern one issue, namely, the nature and extent of injury and disability, if any. After listing the specific findings appealed from employer and insurer set out their reasons for contending that the findings and award were unwarranted. The reasons given were as follows:

"The findings of fact and award made by the referee are against the competent and substantial evidence and the weight of the competent and substantial evidence on the whole record.

"The findings of fact and award of the referee concerning permanent disability are against the competent and substantial medical evidence and the weight of the competent and substantial medical evidence on the whole record.

"The findings of fact and award of the referee are not supported by competent and substantial evidence and are contrary to the evidence on the whole record."

The Application for Review contained a request for permission to argue the case orally before the full Commission. The employer and insurer gave the following reason for this request:

"Your petitioners respectfully state that because of the evidentiary conflicts and the conflicting medical evaluations in this record, along with the reasonable inferences and conclusions to be drawn from the evidence on the whole record, it would be nearly impossible to properly and completely present this case to the full Industrial Commission without oral argument."

The Application for Review also requested the Industrial Commission to appoint a qualified impartial physician to examine the employee and report his findings to the Commission. The employer and insurer also requested that the appointed physician be called to testify before the Commission, if necessary, either by order of the Com-

mission, or if requested, by any of the parties to the proceedings.

On April 9, 1956, the employee filed his answer to the Application for Review. In his answer the employee prayed for dismissal of the Application for Review and gave as his reason that the employer and insurer in their Application did not "specifically set forth the reasons why petitioner believes that the award is not supported by substantial evidence," and further stated that the Application for Review did not fulfill the mandatory requirements established by Article III, Rule 13 of the Rules of Practice of the Industrial Commission of Missouri. In his answer the employee also asked the Commission to deny the requests contained in the Application for Review. After a hearing the Industrial Commission denied the employee's motion to dismiss the Application for Review. It also denied the employer and insurer's request for impartial medical examination but granted the employer and insurer's request for oral argument.

The employee calls our attention to the following rules contained in the "Rules of Practice and Procedure and Interpretive Regulations of the Industrial Commission" promulgated by the Commission pursuant to the provisions of Section 286.060 RSMo 1949, V.A.M.S.:

"Article I. General.

"Rule 1. Governing Rules. The following rules made under the provisions of Section 286.060(8), R.S.Mo. 1949, shall govern practice and procedure in any proceeding before the Industrial Commission of Missouri. * * *

"Article III, Rule 13. Statements of Reasons for Requesting Review. The applicant (petitioner) applying for review of any final award, order or decision of the referee shall set forth in his application a statement specifically setting forth the reasons why he be-

lieves that the award is not supported by substantial evidence. * * *"

The employee contends that the rules of the Industrial Commission are mandatory and must be followed in the proper processing of a review. He asserts that no discretion as to the enforcement or non-enforcement of the rule is reserved to the Commission and, therefore, it is obliged to enforce its rules as promulgated. It is unnecessary for us to rule on this contention because we are of the opinion that the employer and insurer substantially and sufficiently complied with Rule 13 of Article III of the rules of the Industrial Commission when filing the Application for Review. We disagree with the contention of the employee that the Application failed to state the specific reasons why the employer and insurer felt the award of the Referee was not supported by substantial evidence. The employee concedes that there was one and only one issue involved in the Application for Review and that was "the nature and extent of disability, if any," as a result of the accident. The employer and insurer admit that this was the only issue presented by the Application for Review.

Section 287.550 RSMo 1949, V.A.M.S., provides in part as follows:

"All proceedings before the commission or any commissioner shall be simple, informal and summary, and without regard to the technical rules of evidence, and no defect or irregularity therein shall invalidate the same. * * *"

Section 287.800 RSMo 1949, V.A.M.S. provides as follows:

"All of the provisions of this chapter shall be liberally construed with a view to the public welfare and a substantial compliance therewith shall be sufficient to give effect to rules, regulations, requirements, awards, orders or decisions of the commission, and they shall not be declared inoperative, il-

legal or void for any omission of a technical nature in respect thereto."

In the case of Vogt v. Ford Motor Co., Mo.App., 138 S.W.2d 684, 686, we referred to the aforesaid provisions of the statutes and we said: "The very object and purpose of the entire act is that substantial rights are to be enforced at the sacrifice of procedural rights." To the same effect see Graves v. O. F. Elliott, Inc., 355 Mo. 751, 197 S.W.2d 977, 979, and Schrabauer v. Schneider Engraving Product, Inc., 224 Mo.App. 304, 25 S.W.2d 529, 535.

The contents of the Application for Review must be examined in the light of the language of the aforementioned statutes and cases and we must keep in mind that the only issue presented to the Commission was the nature and extent of the injury and disability sustained by the employee. The Application was filed on the form prepared and furnished by the Industrial Commission. All the information called for by this form was given by the employer and insurer. In addition to setting out the specific findings appealed from the employer and insurer pointed out the reasons the findings and award were unwarranted. Specifically they pointed out that the findings and award were "against the competent and substantial medical evidence and the weight of the competent and substantial medical evidence on the whole record." In essence the same reason was assigned by the employer and insurer in their request for permission to argue the case orally. In that request they pointed to the "evidentiary conflicts and the conflicting medical evaluations in this record." Keeping in mind that only one issue was presented by the Application for Review, how could the employer and insurer have stated their reasons in plainer language? As stated in the request for permission to argue the case orally the medical evidence and evaluations were conflicting. For the employer and insurer to have detailed more specifically the reasons why the findings and award of the Referee were not supported by substantial

medical evidence would have required a detailed summary of the entire medical evidence. Such is not required by Rule 13 of Article III of the rules of the Industrial Commission. We think the reasons specified in the Application were a substantial compliance with the rules of the Commission and that the Application for Review was properly before the Commission and gave the Commission jurisdiction to review the findings and award of the Referee. Also, we think the reasons specified were sufficient to fully acquaint the employee why the employer and insurer believed the award of the Referee was not supported by substantial evidence.

The employee has cited the cases of State ex rel. Kenney v. Missouri Workmen's Compensation Commission, 225 Mo. App. 501, 40 S.W.2d 503, and Williams v. Laclede-Christy Clay Products Company, Mo.App., 227 S.W.2d 507, in support of his contention. Everything we have said is in harmony with the holdings in those cases.

An additional contention made by the employee under the sole point relied on is that the Application for Review failed to state "specifically the nature and substance of supposedly newly discovered evidence, names of witnesses to be produced, nature of exhibits to be introduced, and an explanation of why such testimony could not reasonably have been discovered or produced at the hearing before the Referee." This contention obviously has reference to the request of the employer and insurer in their Application for Review for the appointment of an impartial physician and surgeon to examine the employee and the further request that he be available as a witness before the Commission, if necessary. We need not rule on this contention in view of the ruling of the Commission, wherein the Commission denied the request of the employer and insurer for the appointment of a duly qualified and impartial physician.

The judgment of the trial court affirming the findings and award of the Industrial Commission should be affirmed by this court. It is so ordered.

ANDERSON, J., and JAMES D. CLEMENS, Special Judge, concur.