**James C. SZYDLOWSKI,**
**Employee/Respondent,**

v.

**METRO MOVING & STORAGE**
**CO., Employer/Appellant.**

**No. 69688.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 25, 1996.

L. Joseph Garr, III, St. Louis, for appellant.

Jeffrey S. Singer, St. Louis, for respondent.

GRIMM, Judge.

In this workers' compensation case, the Administrative Law Judge granted employee two unrelated awards for permanent partial disability. Employer appealed to the Labor and Industrial Relations Commission.

Employee filed motions to dismiss for employer's failure to comply with the commission's rule concerning applications for review. The commission sustained the motion and employer appeals.

On appeal, employer raises two points. First, it alleges commission's Rule 8 CSR 20–3.030(3) is invalid because it imposes conditions beyond those required by § 287.480.* Second, it alleges its motion for reconsideration complied with that rule and the commission erroneously denied the motion. We affirm.

## I. Background

Employee injured his knee in 1992. In 1994, he injured his "chest area and back ... heart, kidneys, and spine." He filed workers' compensation claims for both incidents.

After a hearing, the ALJ awarded employee compensation for both incidents. Employer filed applications for review with the commission.

With regard to the 1992 injury, the application for review said,

> Finding that Claimant has sustained a 10% permanent partial disability measured at the knee is excessive and against the weight of the competent evidence.

> Finding that Claimant's injury is more significant than a strain is against the weight of the competent evidence.

With regard to the 1994 injury, the application for review said,

> Finding that Claimant sustained a 15% permanent partial disability measured at the level of the body as a whole is against the weight of the competent evidence.

> Finding that Claimant's injury is more than a back strain is against the weight of the competent evidence.

---

* Unless otherwise indicated, all statutory references are to RSMo 1994.

Employee filed motions to dismiss the applications for review. The motions alleged the applications violated the commission's Rule 8 CSR 20–3.030. Paragraph (3)(A) of that rule states:

(3) Applications and Briefs.

(A) An application for review of any final award, order or decision of the administrative law judge *shall state specifically* in the application the reason the applicant believes the findings and conclusions of the administrative law judge on the controlling issues are not properly supported. It shall not be sufficient merely to state that the decision of the administrative law judge on any particular issue is not supported by competent and substantial evidence. (emphasis added).

The commission sustained employee's motions to dismiss. Thereafter, employer filed motions for reconsideration, which the commission denied.

## II. Invalid Regulation

■ Employer does not argue its application for review met the requirements of Rule 8 CSR 20–3.030(3)(A). Rather, in its first point, it alleges the rule is "invalid insofar as it purports to impose conditions upon a party's right to seek review . . . different than or beyond those imposed by statute, § 287.480, RSMo."

Section 287.480 provides,

If an application for review is made to the commission within twenty days from the date of the award, the full commission, if the first hearing was not held before the full commission, shall review the evidence . . .

Employer contends, "[T]he statute grants no authority to the Commission to refuse to review an application, nor does the statute impose any requirement that a party seeking review set forth specific reasons where the Judge erred." It argues that the rule promulgated by the commission "expands the rights and powers of the Commission making the statute meaningless."

Employer's argument does not consider the statutory authority the division of workers' compensation and the commission have to promulgate rules. Section 287.650.1 grants the division the power to "make such rules and regulations as may be necessary" to carry out its duties, subject to the approval of the commission. Section 286.060.1, RSMo Supp.1995, grants the commission the power to adopt rules and regulations, as well as to approve rules promulgated by any of its divisions.

■ Employer does not contend that either the division or the commission failed to comply with § 536.021 (requirements for rulemaking). Duly promulgated rules of a state administrative agency have the force and effect of law. *Missouri Nat'l Educ. Assoc. v. Missouri State Bd. of Mediation,* 695 S.W.2d 894, 897 (Mo.banc 1985); *Killion v. Bank Midwest, N.A.,* 886 S.W.2d 29, 32 (Mo.App. W.D.1994).

■ In some respects, Rule 8 CSR 20–3.030(3)(A) is like Missouri Supreme Court Rule 84.04(d) concerning points relied on in briefs. The supreme court derives its authority to issue rules from Missouri Constitution, Art. V, § 5, which provides, "The supreme court may establish rules relating to practice, procedure and pleading for all courts and administrative tribunals, which shall have the force and effect of law." Under that authority and Rule 84.04(d), appellate courts may refuse to consider inadequate points relied on. *See, Thummel v. King,* 570 S.W.2d 679 (Mo.banc 1978).

Similarly, we see no reason why the commission does not have the authority to enact Rule 8 CSR 20–3.030(3)(A) or to enforce it. Point denied.

## III. Compliance With Regulation

In employer's second point, it alleges the commission erred in denying its motions for reconsideration because the motions complied with 8 CSR 20–3.030(3). Apparently, employer perceives the motions cured its error in the applications.

■ No Missouri Supreme Court Rule sanctions the use of a motion for reconsideration. *Koerber v. Alendo Bldg. Co.,* 846 S.W.2d 729, 730 (Mo.App. E.D.1992). Nor

does employer point to any statutory authority or rule providing for such a motion.

Even if such a motion were permitted, it would not be a means to rectify the shortcomings in the original applications for review. The commission did not err in denying employer's motions for reconsideration. Point denied.

We affirm the commission's decisions.

REINHARD, P.J., and KAROHL, J., concur.