**Wayne MORRIS, Employee/Appellant,**

v.

**CHRISTIAN BOARD OF PUBLICATION et al., Employer/Respondent,**

**and**

**Second Injury Fund, Additional Party/Respondent.**

**No. 71306.**

Missouri Court of Appeals, Eastern District, Division Three.

March 25, 1997.

Daniel T. Ryan, Casey & Meyerkord, St. Louis, for Employee/Appellant.

Amelung, Wulff & Willenbrock, Michael C. Margherio, St. Louis, Attorney for Respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Karla O. Boresi, Asst. Atty. Gen., St. Louis, for Second Injury Fund.

Before CRAHAN, P.J., GRIMM, and HOFF, JJ.

PER CURIAM.

*ORDER*

In this workers' compensation case, the administrative law judge denied the claim on July 18, 1996. The judge found that "claimant did not suffer disability as a result of a work related injury".

On July 26, employee filed an application for review. On August 5, the Second Injury Fund filed a motion to dismiss. In its motion, the Fund alleged that employee's application for review did not comply with the specificity requirements of 8 CSR 20–3.030(1) and (3).

On August 13, employee deposited with the Labor and Industrial Relations Commission, an amendment by interlineation to the application for review. On August 15, the Commission returned the amendment. It advised employee that an application for review, or any amendment thereto, must be filed within twenty days of the administrative law judge's award. Thus, the last day to file was August 7. On September 11, the Commission sustained the Fund's motion to dismiss.

The Commission's order is supported by competent and substantial evidence on the whole record. No error of law appears. *Szydlowski v. Metro Moving & Storage Co.,* 924 S.W.2d 325 (Mo.App. E.D.1996). An opinion would have no precedential value. The Commission's order is sustained pursuant to Rule 84.16(b).