**Linda K. SMITH, Respondent,**

v.

**SMILEY CONTAINER CORPORATION, Appellant.**

**No. 22826.**

Missouri Court of Appeals, Southern District, Division One.

Aug. 13, 1999.

Brenden W. Webb, Couch, Pierce, King & Hoffmeister, Chtd., Overland Park, Kan., for appellant.

Diane L. Sandza, Appleton, Kretmar, Beatty & Stolze, St. Louis, for respondent.

CROW, Presiding Judge.

Following a contested hearing, an administrative law judge of the Division of Workers' Compensation entered an award for Linda K. Smith ("Employee") against Smiley Container Corporation ("Employer") and its insurer on Employee's claim under The Workers' Compensation Law, chapter 287, RSMo 1994, as amended.

Employer thereupon filed an application for review by the Labor and Industrial Relations Commission ("Commission").

On motion by Employee, Commission entered an order dismissing Employer's application for review because it did not meet the requirements of 8 CSR 20–3.030(3)(A), which reads:

> "An applicant for review of any final award, order or decision of the administrative law judge shall state specifically in the application the reason the applicant believes the findings and conclusions of the administrative law judge on the controlling issues are not properly supported. It shall not be sufficient merely to state that the decision of the administrative law judge on any particular issue is not supported by competent and substantial evidence."

▮ Employer brings this appeal from Commission's order.[1]

Commission's dismissal of Employer's application for review was not the first time Commission invoked 8 CSR 20-3.030(3)(A) as a basis for dismissing an application for review of an administrative law judge's award in a workers' compensation case. In *Szydlowski v. Metro Moving & Storage Co.*, 924 S.W.2d 325, 326 (Mo. App. E.D.1996), an application for review alleged certain findings by an administrative law judge were "against the weight of the competent evidence." Commission dismissed the application for review because of noncompliance with 8 CSR 20-3.030(3)(A). *Id.* at 327.

On appeal in *Szydlowski*, the appellant did not argue its application for review satisfied the regulation. Instead, the appellant maintained the regulation was invalid insofar as it imposed conditions upon a party's right to seek review under § 287.480, RSMo 1994—the statute authorizing an application for review by Commission of an award in a workers' compensation case. *Id.*

The appellate court rejected the appellant's hypothesis of error in *Szydlowski* and held Commission had authority to promulgate 8 CSR 20-3.030(3)(A) and to enforce it. *Id.* The opinion observed that in some respects the regulation was like Rule 84.04(d), Missouri Rules of Civil Procedure, which establishes certain requirements for points relied on in appellate briefs. *Id.*

In the instant case, Employer's application for review, excluding its formal parts, read:

"The undersigned hereby makes application to the Labor and Industrial Relations Commission of Missouri for a review by the full Commission of the Award on Hearing made by Associate Administrative Law Judge Lawrence Kasten in the above case issued on the 2nd day of December 1998. A copy of the Award is attached hereto for this Commissions [sic] review.

Specifically, Petitioner, Russell Stover Candies,[2] submits that Judge Kasten's determinations regarding the nature and extent of the employee's injury(s) and the employee's permanent partial disability were not supported by substantial evidence.

Petitioner, Russell Stover Candies, hereby requests permission to file a brief and present an oral argument before this Commission at a later date."

▮ Employer's brief in this court (filed April 30, 1999) presents three points relied on, the first of which reads:

"The Commission acted without or in excess of its power when it dismissed Smiley's application for review, because Smiley's application was in substantial compliance with all relevant statutes and regulations."

Rule 84.04(d)(2), Missouri Rules of Civil Procedure (1999), which took effect January 1, 1999, sets forth the requirements for a point relied on where an appellant seeks review of an administrative agency's decision. The rule mandates that such a point be in substantially the following form:

"The [*name of agency*] erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the*

---

1. Section 287.495, RSMo Cum.Supp.1998, authorizes an appeal from a "final award" of Commission. For the purpose of appealability, a "final award" is one that disposes of the entire controversy between the parties. *State ex rel. Lester E. Cox Medical Center v. Wieland*, 985 S.W.2d 924, 926[7] (Mo.App. S.D.1999); *Abel v. Mike Russell's Standard Service*, 901 S.W.2d 299, 300–01[4] (Mo.App. S.D.1995). The administrative law judge ruled on all issues between the parties. Commission's dismissal of Employer's application for review left the administrative law judge's award intact; consequently, Commission's order disposed of the entire controversy between the parties.

2. Employer's brief declares Russell Stover Candies is the "parent company" of Employer. No issue is raised in this appeal about the misnomer.

*claim of reversible error, including the reference to the applicable statute authorizing review* ], in that [*explain why, in the context of the case, the legal reasons support the claim of reversible error* ]."

Employer's first point obviously fails to follow the above form in that the point (1) makes no reference to "the applicable statute authorizing review," (2) sets forth no legal reasons for the claim of reversible error, and (3) provides no explanation as to why, in the context of the case, any legal reason supports the claim of reversible error. This court is left to ponder how Employer's application for review "was in substantial compliance with all relevant statutes and regulations"—whatever they were.

Employer's first point is similar to a point relied on in *Smith v. Gregg*, 946 S.W.2d 807 (Mo.App. S.D.1997), which averred the trial court erred in dismissing the plaintiff's petition in that the petition "alleges all of the necessary elements of negligent supervision." *Id.* at 810. This court held the point was deficient under the former version of Rule 84.04(d) because the point failed to state wherein the trial court's ruling was erroneous and did not identify what provisions of the pleading would support the ruling the plaintiff contended the trial court should have made. *Id.* at [4].[3]

Unable to deduce the import of Employer's theory of error from its first point, this court has seined the argument following the point in an effort to ferret out the gist of Employer's complaint—a task this court was not obliged to undertake. *Kackley v. Burtrum*, 947 S.W.2d 461, 465 (Mo. App. S.D.1997); *Tripp v. Harryman*, 613 S.W.2d 943, 950[11] (Mo.App. S.D.1981); *Cole v. Cole*, 516 S.W.2d 518, 520[5] (Mo. App.1974).

■ Employer's contention, as this court divines it, is that Employer's application for review satisfied 8 CSR 20–3.030(3)(A) in that the application specified Employer was seeking review of the administrative law judge's determinations "regarding the nature and extent of the Claimant's injury(s) and the Claimant's permanent partial disability," and there could be no confusion as to the portion of the award that Employer was challenging.

■ The flaw in Employer's position is that 8 CSR 20–3.030(3)(A) requires more than simply identifying the findings upon which review is sought. The regulation requires an application for review to state specifically the reason the aggrieved party believes the findings and conclusions of the administrative law judge on the controlling issues are not properly supported. The regulation explicitly provides it is not sufficient to merely state that the decision on any particular issue is not supported by competent and substantial evidence.

The unadorned assertion in Employer's application for review that certain determinations of the administrative law judge "were not supported by substantial evidence" is precisely the type of averment the regulation proscribes.

Employer cites cases supporting the proposition that statutes and rules relating to appeals are to be construed liberally to permit dispositions of cases on the merits instead of on technical grounds. However, those cases do not govern the instant appeal.[4]

**3.** An attentive reader will note the irony that Employer, after suffering a dismissal of its application for review by Commission on the ground of noncompliance with 8 CSR 20–3.030(3)(A), now seeks relief in this court by presenting a point relied on that fails to comply with Rule 84.04(d)(2).

**4.** For example, one case cited by Employer is *Graves v. O.F. Elliott, Inc.*, 355 Mo. 751, 197 S.W.2d 977 (banc 1946). There, a party appealed from Commission's decision in a workers' compensation case. 197 S.W.2d at 978. At that time, appeals were taken to the circuit court of the county where the accident occurred; however—like the current practice— the notice of appeal was filed with Commission. *Id.* at 979. Although the accident in *Graves* occurred in Newton County, the notice of appeal stated the appeal was taken to the

The only case cited by Employer analogous to the instant case is *Collins v. Eichler Heating Co.*, 319 S.W.2d 666 (Mo. App.1959). There, a referee awarded workers' compensation benefits to a claimant. *Id.* at 667. Upon application for review, Commission reduced the award. *Id.* The claimant appealed to the circuit court,[5] which affirmed the award. *Id.* On appeal from the circuit court, the claimant maintained Commission's decision was a nullity because the employer and insurer failed to comply with a procedural rule adopted by Commission setting forth certain specificity requirements for an application for review. *Id.*

The appellate court noted the claimant had presented the same issue to Commission by moving Commission to dismiss the application for review. *Id.* at 670. Commission denied the motion. *Id.* The appellate court held the application for review sufficient to vest Commission with jurisdiction to review the referee's award. *Id.* at 672.

*Collins* differs from the instant case in that the issue in *Collins* was whether the application for review was sufficient to confer jurisdiction on Commission to review the referee's award, whereas the issue presented by Employer's first point in the instant appeal is whether—in Employer's words—"Commission acted without or in excess of its power when it dismissed [Employer's] application for review."

Consistent with *Szydlowski*, 924 S.W.2d at 327, this court holds Commission had such power and did not exceed it. In so holding, this court emphasizes Employer's first point does not aver Commission abused its discretion in dismissing Employer's application for review as a sanction for noncompliance with 8 CSR 20–

3.030(3)(A), nor does Employer's first point indicate that abuse of discretion would be the applicable standard of review. In that regard, this court notes Rule 84.04(e) requires, *inter alia*, that the argument in an appellant's brief "include a concise statement of the applicable standard of review for each claim of error." This court finds none in the argument following Employer's first point.

For the reasons set forth above, this court holds Employer's first point (as deciphered by this court) is without merit.

■ Employer's second point relied on reads:

"The Commission acted without or in excess of its power when it did not grant Smiley leave to amend its application for review to provide more specific allegations of error by the administrative law judge."

The above point has the following background.

The administrative law judge entered his award on December 2, 1998. Employer filed its application for review with Commission on December 17, 1998. Employee filed her motion to dismiss Employer's application for review on December 28, 1998. Employer filed a "Motion for Leave to Amend Application for Review" on December 31, 1998 (more than twenty days after the administrative law judge's award). Commission denied Employer's motion, stating:

"There is no provision to grant employer's Motion for Leave to Amend Application for Review beyond the 20 day statutory time limit in § 287.480. RSMo."

Section 287.480, RSMo Cum.Supp.1998, reads, in pertinent part:

---

Circuit Court of Jasper County. *Id.* at 978. The Supreme Court of Missouri held the error was not fatal to the appeal, as there was only one court to which the appeal could go, and it was Commission's duty to send the case there. *Id.* at 979. Obviously, *Graves* supplies no authority for reversal of Commission's dismissal of Employer's application for review

because of noncompliance with 8 CSR 20–3.030(3)(A).

5. As pointed out in footnote 4, *supra*, that was once the procedure for judicial review of Commission's awards in workers' compensation cases.

"1. If an application for review is made to the commission within twenty days from the date of the award, the full commission, if the first hearing was not held before the full commission, shall review the evidence, or, if considered advisable, as soon as practicable hear the parties at issue, their representatives and witnesses and shall make an award...."

In the argument following its second point, Employer concedes: "Smiley's research of the relevant statutory or regulatory law did not reveal any specific statute or regulation that would have allowed the Commission to grant Smiley leave to amend it's [sic] Application for Review."

This court holds Employer's second point is governed by *Morris v. Christian Board of Publication,* 943 S.W.2d 249 (Mo. App. E.D.1997). There, an administrative law judge denied a claim for workers' compensation benefits. *Id.* The claimant filed an application for review within the twenty-day deadline in § 287.480, RSMo 1994. *Id.* After the deadline, the claimant tendered an amendment by interlineation to the application for review. *Id.* Commission returned the amendment, advising the claimant that an application for review, or any amendment thereto, must be filed within twenty days of the administrative law judge's award. *Id.* Commission thereafter dismissed the application for review because of noncompliance with 8 CSR 20-3.030(1) and (3). *Id.* The appellate court affirmed. *Id.*

It is evident from *Morris* that Commission had no statutory authority to grant Employer leave to amend its application for review once twenty days elapsed after the administrative law judge's award. Employer's second point is denied.

■ Employer's third (and final) point declares that Commission's dismissal of Employer's application for review because of noncompliance with 8 CSR 20-3.030(3)(A) violated Employer's "due process rights" under the Constitution of Mis-

souri and the Constitution of the United States. Employer cites one Missouri case in support of that proposition: *Jones v. State Department of Public Health and Welfare,* 354 S.W.2d 37 (Mo.App.1962).

The issue in *Jones* was whether a party in an administrative proceeding was denied a fair hearing where the record indicated the hearing officer—a lawyer employed by the administrative agency—was biased. *Id.* at 38–41. Employer fails to explain how *Jones* supports its third point, and this court finds *Jones* inapposite. There is no suggestion in the record that Commission's dismissal of Employer's application for review was motivated by bias or any other reason except noncompliance with 8 CSR 20-3.030(3)(A).

The only other case cited by Employer in support of its third point is *Stanley v. Big Eight Conference,* 463 F.Supp. 920 (W.D.Mo.1978). That case involved the fact-finding procedure utilized by the National Collegiate Athletic Association in determining whether a member university, its football coaching staff and student athletes violated NCAA and conference rules. *Id.* at 922–33. This court fails to see how that case supports Employer's claim that Commission's dismissal of Employer's application for review because of noncompliance with 8 CSR 20-3.030(3)(A) violated Employer's "due process rights."

Section 287.480.1, RSMo Cum.Supp. 1998, granted Employer an absolute right to obtain review by Commission of the administrative law judge's award. 8 CSR 20-3.030 established the framework by which Employer could exercise that right. One of the requirements Employer was obliged to meet was that its application for review satisfy the specificity standards of 8 CSR 20-3.030(3)(A). Employer failed to comply.

Appellate courts dismiss appeals because appellants' briefs fail to meet the requirements of Rule 84.04(d). *Murphy v. Aetna Casualty & Surety Co.,* 955 S.W.2d 949 (Mo.App. S.D.1997); *Stroup v. Facet Automotive Filter Co.,* 919 S.W.2d 273

(Mo.App. S.D.1996); *Jones v. Wolff,* 887 S.W.2d 806 (Mo.App. E.D.1994); *Jones v. Jones,* 819 S.W.2d 773 (Mo.App. E.D.1991). This court knows of no case where such a dismissal was declared a violation of an appellant's "due process rights."

In this appeal, the burden was on Employer, as appellant, to establish error. *Linzenni v. Hoffman,* 937 S.W.2d 723, 725[3] (Mo. banc 1997). Employer cites no authority, and this court's independent research unearthed none, supporting Employer's hypothesis that Commission's dismissal of Employer's application for review because of noncompliance with 8 CSR 20–3.030(3)(A) violated Employer's "due process rights."

Employer's third point is denied, and Commission's order is affirmed.

PARRISH and SHRUM, JJ., concur.