**Rebecca GARBER, Respondent,**

v.

**Dr. Pairote JAROONWANICHKUL, d/b/a Branson Oncology, Appellant,**

and

**The Treasurer of Missouri, as the Custodian of the Second Injury Fund, Respondent.**

**No. SD 29250.**

Missouri Court of Appeals, Southern District, Division One.

March 23, 2009.

---

Eric A. Farris, Farris Law Group, L.L.C., Branson, for Appellant.

Becky J.W. Dias, Morrison, Webster & Carlton, Springfield, for Respondent.

DANIEL E. SCOTT, Presiding Judge.

Appellant ("Employer") appeals a workers' compensation award in favor of Respondent ("Claimant").[1] Employer admits

Claimant suffered compensable neck, face, and shoulder injuries from a workplace fall, but denies the accident caused leg and back injuries for which Claimant also sought benefits. An ALJ evaluated the conflicting medical testimony, ruled the causation issue in Claimant's favor, and awarded disability and future medical benefits for the injuries in dispute. Employer sought review by the Labor and Industrial Relations Commission, which unanimously affirmed and adopted the ALJ's award. Employer raises three points on appeal.

## Point I

Employer asserts that "there was no proper evidence to support" the Commission's causation findings. Thus, we must examine the whole record to see if sufficient competent and substantial evidence supports the award; *i.e.,* if this is the "rare case" of an award contrary to the overwhelming weight of the evidence. *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 222–23 (Mo. banc 2003).

In so doing, we defer to the Commission's evaluations of the weight given to witnesses' testimony, and are bound by its factual determinations when the evidence supports either of two opposing findings. We will affirm the Commission's choice between conflicting medical opinions unless it is unsupported by competent and substantial evidence. *See Kuykendall v. Gates Rubber Co.,* 207 S.W.3d 694, 706 (Mo.App.2006).[2]

There were conflicting medical opinions on causation. Both Claimant's treating doctor (Dr. Cornelison) and her retained expert (Dr. Koprivica) linked the subject

1. This appeal involves no claims against Respondent Treasurer of Missouri, as Custodian of the Second Injury Fund.

2. We apply these rules to the ALJ's decision, since the Commission adopted it as its final award. *Casteel v. General Council of Assemblies of God,* 257 S.W.3d 160, 162 (Mo.App. 2008).

injuries to Claimant's workplace fall. Although Employer's expert differed, the Commission detailed at length why Drs. Cornelison and Koprivica were more believable. Such determination was particularly for the Commission. *See Aldridge v. Southern Missouri Gas Co.,* 131 S.W.3d 876, 882 (Mo.App.2004). The weight to be accorded expert testimony on medical causation lies within the Commission's sole discretion and cannot be reviewed by this Court. *Id.*[3]

Since the award is supported by competent and substantial evidence, and is not contrary to the overwhelming weight of the evidence, we deny Point I.

### Point II

■ Employer sought leave to submit additional evidence when the Commission reviewed the ALJ's award. Specifically, Employer wanted five physicians to examine Claimant and to offer their additional testimony. The Commission rejected this request and gave multiple reasons for so ruling. Employer claims this was error "in that Employer's Application complied in all respects with 8 CSR 20–3.030(2)."

Although the cited regulation prescribes the form and requirements of a motion to submit additional evidence to the Commission, it indicates that such a motion will be denied "except upon the ground of newly discovered evidence which with reasonable diligence could not have been produced" below, and that "[t]ender of ... additional medical examinations does not constitute a valid ground" for such relief. *See* 8 CSR 20–3.030(2)(A). It also states (8 CSR 20–3.030(2)(B)):

As a matter of policy, the commission is opposed to the submission of additional evidence except where it furthers the interests of justice. Therefore, all available evidence shall be introduced at the hearing before the administrative law judge.

Thus, Employer's appeal point misapprehends the Commission's regulation, and the effect of filing a motion in the form mandated thereby. A proper motion may be necessary for relief,[4] but is no assurance thereof. Rather, the Commission's decision to hear additional evidence is discretionary; we will overturn it only if the Commission acted arbitrarily or abused its discretion. *See Bock v. Broadway Ford Truck Sales, Inc.,* 55 S.W.3d 427, 439 (Mo. App.2001).

Here, the Commission unanimously noted at least three bases for denying Employer's motion. Suffice it to say that each is reasonable on its face and is supported by the record. There is no indication that the Commission acted arbitrarily, nor has Employer convinced us that the Commission abused its discretion. Point II fails.

### Point III

This point, argued in a single paragraph, can be addressed as briefly. After Employer lost its motion to submit additional evidence, it filed a motion to reconsider. Employer contends that the Commission heard oral argument thereon, but made no formal ruling in its final award or otherwise. Employer now claims error solely "in that Employer's Application"—*i.e.,* Employer's initial motion addressed in Point II—"complied in all respects with 8

---

**3.** Employer's complaint of insufficient evidence that Claimant needs future medical care "absent Dr. Koprivica's report ... and Dr. Cornelison's testimony" fails similarly.

**4.** *See Mena v. Cosentino Group, Inc.,* 233 S.W.3d 800, 805 (Mo.App.2007)(although Commission has discretion to hear new evidence, "state regulation precludes" such evidence except upon 8 CSR § 20–3.030(2)(A) grounds).

CSR 20–3.030(2)." Point III thus mirrors Point II and fails for the same reasons. Moreover, *see Szydlowski v. Metro Moving & Storage Co.*, 924 S.W.2d 325, 327–28 (Mo.App.1996)(finding no rule or statutory authority to file, with the Commission, a motion for reconsideration).

We affirm the Commission's award.

BARNEY and BATES, JJ., concur.